Sneed, J.,
delivered the opinion of the court:
"We see no sound reason why the complainant in the cross-bill- should not have the relief he seeks in this proeeding. The equities of the cross-bill grow out of the transaction complained of in the original bill, and it seems to the court to be a very proper case in which to adjust all of the equities between the parties without driving them to another litigation. The original bill is filed by a judgment debtor whose land has been sold under execution while he occupied it, and without the statutory notice of twenty days. He asked to have the sale set aside as a cloud, and that the sheriff he enjoined from executing a deed to the purchaser, because by reason of the sheriff’s failure to give him the notice, the sale was a nullity. The judgment in the case vas a supreme court judgment. The judgment creditor was Hutchinson, defendant to the original bill, as administrator of Fogg. At the sale Hutchinson bought the land, and his judgment was satisfied pro tanto. He answers, admitting the facts as charged, and files his answer as a cross bill, in which he seeks to- have said satisfaction set aside. The chancellor granted relief both on the original and the cross bill. "We think the relief was very properly granted in both cases. The complainant in the original bill appeals from so much of the “ruling of the chancellor” as grants the relief on the cross bill. Under well settled rules, we cannot consider other questions pressed in judgment.
Let the decree be affirmed.